LOUIS LIEBMANN and Another *v.* LIEBMANN BROS. COMPANY.

LAZARUS, ROSENFELD & LEHMANN, Appellants; JOHN S. McMAS-TER and Another, as Receivers, etc., of LIEBMANN BROS. COMPANY, Respondents.

*Following the proceeds of consigned property — the burden of tracing the property.*

Consignors of property seeking to recover the proceeds thereof from the receivers of the consignee must follow and trace the proceeds of their property into the receivers' hands.

APPEAL by the petitioners, Lazarus, Rosenfeld & Lehmann, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 11th day of June, 1894, denying the petitioners' motion for an order directing the respondents to pay to the petitioners the sum of $8,654.09.

*Otto Horwitz,* for the appellants.

*Jesse Johnson,* for the respondents.

CULLEN, J.:

This is an appeal from an order of the Special Term denying the application of the appellants that the receivers of the defendant corporation be directed to pay the petitioners the amount due them from defendant on account of the proceeds of goods consigned to it by the petitioners.

On the record presented to us it would not be profitable to follow the elaborate argument of the counsel for the petitioners as to their rights as consignors, or to discuss the legal principles affecting such rights. The appellants moved on a petition which states in the most general terms that they are informed and believe that the receivers are in possession of moneys, the proceeds of the sale of petitioners' goods, and that the defendant mixed such moneys with its own, and that to the extent of petitioners' claim the assets in the hands of the receivers have been increased by such moneys. The affidavits in reply put in issue these allegations, and show that the money turned over to the receivers was but a small sum, which was largely depleted by payment to another consignor. The goods of the petitioners

seem in some instances to have been sold on credit, and the credits or claims therefor pledged by the defendant for loans obtained by it. What was the amount of such claims does not appear. The petitioners submitted in rebuttal an affidavit of the treasurer of the defendant, that the stock of merchandise turned over to the receivers was in part purchased by the moneys received by the defendant from sales under its agreement with the petitioners, but what part is not stated. This affidavit would be justified, if there had been such a purchase of goods to the amount of a dollar. On the papers and proofs before the Special Term, which are most meager and uncertain, more noticeable for what they fail to show than for what they do show, it is impossible for the court to determine or ascertain the facts of the case, except the amount of the debt of the petitioners and the agreement under which the goods were consigned. The application was submitted to the court for determination on these papers. No request for a reference or further proof seems to have been made. In this state of the proofs we think that the application was properly denied. Conceding, for the argument, the contention of the petitioners of the right to follow the proceeds of their property to its fullest extent, it was on them, affirmatively, to trace such proceeds into the hands of the receivers. The proofs do not show this, but leave the subject in confusion and uncertainty.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

PRATT and DYKMAN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.